IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| MARY CAPRI, | § |
| | § |
| | § |
| VS. | § CIVIL ACTION NO.4:12-CV-930-Y |
| | § |
| | § |
| K. WILLIAMS, et al. | § |

OPINION and ORDER OF PARTIAL DISMISSAL UNDER 28 U.S.C. §
1915A(b)(1),and UNDER 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii)

This case is before the Court for review of pro-se plaintiff Mary Capri's case under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). When this suit was filed, plaintiff Capri was incarcerated at FMC-Carswell. On April 9, 2013, Capri filed a document with the Court indicating she was to be released on April 10, 2013, and a review of the Bureau of Prisons' website now shows Capri was "released" as of that date.[1] Capri initiated this case by filing two separate complaint-like documents: the first, entitled "Title 42 USCS 1983 Deprivation of Civil Rights" (doc.1), which the Court will refer to as "complaint"; and a second, entitled "Title 42 USCS 1983 Vaccinations," which the Court will refer to as "supplemental complaint." The complaint and supplemental complaint are the pleadings subject to review in this action.

In the complaint, Capri names as defendants Mrs. K. Williams, unit team manager; Mrs. Ash, case manager; and Mrs. LeBlanc, counselor. (Compl. Style.) Capri asserts claims that she was

---

[1] Website www.bop.gov Mary Capri -register number 11643-424, last visited on April 15, 2013.

wrongfully denied transfer to a halfway house, and she seeks monetary damages for her failure to be transferred. She also raises claims about the computation of her sentence. (Compl. Pp. 6-10.) In the supplemental complaint, a 42-page single-spaced document, Capri writes extensive facts, allegations and observations about her medical care and medical conditions.  Capri again lists as a defendant  K. Williams, but she also lists thirteen other persons as defendants. (Sup. Compl. at 3-42.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[2] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[3] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[4]  Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive

---

[2]*Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

[3]*See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[4]*See* 28 U.S.C.A. § 1915A(a)(West 2006).

2

pleading to conduct its § 1915 inquiry.⁵ Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."⁶ After review of the complaint under these standards, the Court concludes that Capri's claims in the complaint must be dismissed under the authority of these statutes. With regard to the allegations in the supplemental complaint, the Court will, by separate order issued this same day, allow Capri to file an amended complaint.

Although Capri brings her claims under 42 U.S.C. § 1983, because all of the defendants are federal government officials at FMC--Carswell, the Court construes the claims as brought under *Bivens* v. *Six Unknown Named Agents of the Federal Bureau of Narcotics ("Bivens")*.⁷ In order to assert a claim for damages for violation of federal constitutional rights under *Bivens*, a plaintiff must set forth facts in support of both of its elements: (1) the deprivation of a right secured by the Constitution or laws of the United States; and (2) the deprivation was imposed by a person acting under color of law.⁸ As to Capri's claims that she is

---

⁵*See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

⁶*Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

⁷403 U.S. 388, 297 (1971). *Bivens,* of course, is the counterpart to 42 U.S.C. § 1983, and extends the protections afforded under § 1983 to parties injured by federal actors. *See Evans v. Ball,* 168 F.3d 856, 863 n. 10(5ᵗʰ Cir. 1999) ("A *Bivens* action is analogous to an action under § 1983--the only difference being that § 1983 applies to constitutional violations by state, rather than federal officials"), *overruled on other grounds, Castellano v. Fragozo,* 352 F.3d 939, 948-49 & n. 36 (5ᵗʰ Cir. 2003), *cert den'd,* 543 U.S. (2004).

⁸*See West v. Atkins,* 487 U.S. 42, 48 (1988)(elements of § 1983 action); *Evans,* 168 F.3d at 863 n. 10.

3

entitled to a right to a transfer to a particular institution, she has failed to satisfy the first element.  It is well settled that a prisoner does not have a constitutional right to serve a sentence in any particular institution, or to be transferred or not transferred from one facility to another.[9] The Bureau of Prisons has "sole discretion" to determine where a federal inmate will be housed.[10] Because the transfer of a federal inmate to another correctional institution does not implicate a constitutional interest, Capri has not stated a claim for relief on this ground.

Also, the Court concludes that Capri's claims for monetary damages relating to her sentence computation are not cognizable. In *Heck v. Humphrey*,[11] the Supreme Court held that a claim that, in effect, attacks the constitutionality of a conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 and does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[12] The *Heck* holding applies equally to *Bivens*-type actions,[13] and it "applies to challenges to the computation of a prisoner's

---

[9] *See Olim v. Wakinekona*, 461 U.S. 238, 249-50 (1983); *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir.1996).

[10] *United States v. Williams*, 65 F.3d 301, 307 (2d Cir.1995).

[11] 512 U.S. 477, 486-87 (1994).

[12] *Heck,* 512 U.S. at 486-87; *see also Wells v. Bonner,* 45 F.3d 90, 94 (5th Cir. 1995).

[13] *Stephenson v. Reno,* 28 F.3d 26, 27 & n.1 (5th Cir. 1994).

4

sentence."[14] Thus, before plaintiff Capri may seek monetary damages for a claim of extended imprisonment, she must first demonstrate that the alleged inaccurate extension of her sentence has been reversed, expunged or otherwise declared invalid.

Because Capri's claims challenge her sentence of imprisonment, and she has not shown that the sentence has been reversed or set aside in any of the manners listed, under *Heck v. Humphrey*[15] any claim for monetary damages under *Bivens* is not cognizable. This remains true even though it appears Capri has been released: "the Fifth Circuit has held that the *Heck* bar is still applicable in cases where a litigant has discharged his sentence and habeas relief is no longer available."[16] Thus, Capri's claims for monetary damages based upon her sentence computation are not cognizable under *Heck v. Humphrey*, and must be dismissed.[17]

Apparently related to her challenges to her sentence, Capri also filed a document entitled "Notice of Motion Amicus Curiae." The motion cites Federal Rule of Criminal Procedure 24(a)(2) as reference to a "non-party's right to claim an interest." But the right to intervene is actually in Federal Rule of Civil Procedure

---

[14]*Waites v. Johnson,* 252 F.3d 434, 2001 WL 360692, at *1 (5th Cir. 2001)(citing *McGrew v. Texas Bd. Of Pardons & Paroles,* 47 F.3d 158, 160-61 (5tth cir. 1995)).

[15]*See Hassler v. Carson County*, 111 Fed. Appx. 728, 729 (5th Cir. Oct. 6, 2004)(affirming district court's determination that released TDCJ inmate's claims regarding the failure to credit him with jail time served in Carson County were barred by *Heck*)(citing *Randell v. Johnson,* 227 F.3d 300, 301 (5th Cir. 2000), *cert. den'd,* 532 U.S. 971 (2001)).

[16]*McWilliams v. Texas,* No.5:09-CV-115, 2009 WL 4730447, at *1 (E.D. Tex. Dec. 7, 2009)(citing *Hassler,* 111 Fed. Appx. at 729).

[17]*See Heck*, 512 U.S. at 487-88.

24(a)(2). Otherwise, the document/motion does not state a cognizable basis for relief in this proceeding and therefore must be denied.

Therefore, the motion related to amicus curiae (doc. 6) is DENIED.

All of Plaintiff's claims against Mrs. K. Williams, Mrs. Ash, and Mrs. Leblanc arising from the failure to transfer her to a halfway house, are DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915A(b)(1) and, alternatively, under to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

All of Plaintiff's remaining claims against Mrs. K. Williams, Mrs. Ash, and Mrs. Leblanc arising from the computation of Capri's sentence, are DISMISSED WITH PREJUDICE to their being asserted again until the *Heck v. Humphrey* conditions are met,[18] under 28 U.S.C. § 1915A(b)(1) and, alternatively, under to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).[19]

SIGNED April 17, 2013.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[18] *See Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996).

[19] As noted above, the Court will address Capri's claims in the "supplemental complaint" in a separate order issued this day.